UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO

CIVIL ACTION NO: 4:06CV-54-M

AJAY KOLI                                                                    PETITIONER

V.

ALBERTO GONZALES, Attorney General
of the United States, et al.                                         RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss by Respondents, the United States Department of Justice, the United States Department of Homeland Security, and the United States Citizenship and Immigration Services ("USCIS"). Petitioner Ajay Koli ("Koli") seeks a de novo review and declaratory judgment from the Court regarding the denial of his application for naturalization by Respondents. Fully briefed, this matter stands ripe for decision. For the following reasons, the Respondents' Motion to Dismiss is **DENIED**.

## Facts

Koli is a twenty-six year old native and citizen of India.  He became a lawful permanent resident of the United States on his first and last entry into the United States on June 4, 1997. (DN 7, Ex. A).  On June 5, 2003, he filed an application for naturalization with the USCIS. (Id., Ex. B). The USCIS denied Koli's application, finding that he failed to demonstrate that he was a person of "good moral character," as defined by 8 U.S.C. § 1101(f).  The USCIS based this finding on evidence that Koli had been charged with three alcohol-related crimes between January 2004 and May 2005.  In these sixteen months, Koli was twice convicted of driving under the influence and received deferred prosecution on a charge of public intoxication.  (Id., Ex. C).

Koli now seeks a *de novo* review and declaratory judgment from this Court regarding the denial of his application for naturalization under 8 U.S.C. § 1421( c).

## Legal Standard

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied 520 U.S. 1251 (1997).  A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied 516 U.S. 1158 (1996).  A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F. 3d 1061, 1064 (6th Cir. 1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996).  The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064.  "In practice, a...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726. (citation omitted)  In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken.  Hirsch v. Arthur Anderson Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

## Discussion

Under 8 U.S.C. 1421(c), a person whose application for naturalization has been denied after a hearing before an immigration officer may seek review of such denial before a United States

district court. Such review shall be *de novo*, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing *de novo* on the application. Id.

The Petitioner has stated a claim upon which relief can be granted.  The statute requires the Court make *de novo* findings of fact as well as grant a hearing upon the applicant's request. Accordingly, the Respondents' Motion to Dismiss is hereby **DENIED**.  It is further ordered that the Petitioner shall indicate his desire for a hearing within fifteen (15) days of the entry of this order.

cc: Counsel of Record